# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

JOSEPH W. ROBERTSON, #44191-019                            PETITIONER

VERSUS                                        CIVIL ACTION NO. 5:10-cv-126-DCB-MTP

BRUCE PEARSON, Warden                                       RESPONDENT

## ORDER

BEFORE the Court is the Petitioner's Motion [2] for a temporary restraining order and preliminary injunction filed August 4, 2010. Petitioner is requesting that the Court enter an order "restraining and prohibiting" the Respondent and his "agents, employees, attorneys, representatives or successors" from (1) denying or preventing him from being interviewed and evaluated by the residential drug abuse coordinator for enrollment into the 500-hour residential drug abuse treatment program (RDAP); (2) applying the "12- month rule" to his participation evaluation; (3) denying or removing him from the waiting list for participation in the RDAP; and (4) taking any action to "suspend, revoke, prevent, or deny" his "enrollment, placement and participation" in the RDAP. Mot. [2], p.1-2. Since Petitioner seeks relief that if granted would exceed the 10 day limit of a temporary restraining order, his Motion is in effect a request for a preliminary injunction. *See* Fed. R.Civ.P. 65(b); *Dixon v. Vanderbilt*, 122 Fed. App'x 694, 695 (5th Cir. 2004). As discussed below, the Court has considered the Petitioner's Motion, as well as the applicable law, and finds that the Petitioner's request for a temporary restraining order and preliminary injunction should be denied.

In order to receive a preliminary injunction, the Petitioner must prove (1) a substantial likelihood of success on the merits of his case; (2) a substantial threat that failure to grant the

order will result in irreparable injury; (3) the threatened injury outweighs any damage that the injunction will cause defendants; and (4) the injunction will not have an adverse affect on the public interest. *Women's Med. Ctr. v. Bell*, 248 F.3d 411, 418-20 (5th Cir. 2001); *Lakedreams v. Taylor*, 932 F.2d 1103, 1107 (5th Cir. 1991). Each of the requirements must be satisfied because if any one of them is not, then it will result in the denial of the request for a preliminary injunction. *Enterprise Intern., Inc. v. Corp. Estatal Petrolear Ecuatoriana*, 762 F.2d 464, 472 (5th Cir. 1985).

Furthermore, "[a] preliminary injunction 'is an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries a burden of persuasion.'" *Black Fire Fighters Ass'n v. City of Dallas, Texas*, 905 F.2d 63, 65 (5th Cir. 1990) (quoting *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985)). The granting or denial of a motion for a preliminary injunction rests in the sound discretion of the trial court. *Lakedreams v. Taylor*, 932 F.2d 1103, 1107 (5th Cir. 1991) (citing *Apple Barrel Productions, Inc. v. Beard*, 730 F.2d 384, 386 (5th Cir. 1984)). The primary justification for applying this remedy is to preserve the court's ability to render a meaningful decision on the merits. *Canal Authority of State of Florida v. Callaway*, 489 F.2d 567, 573 (5th Cir. 1974).

The Court has evaluated Petitioner's request in accordance with the above stated case law and finds that Petitioner has failed to carry his burden of persuasion as to the required factors for a preliminary injunction. This Court will be able to render a meaningful decision without granting a temporary restraining order or a preliminary injunction. Therefore, Petitioner's motion will be denied without a hearing.

IT IS HEREBY ORDERED that Petitioner's Motion [2] for a temporary restraining order

and preliminary injunction is **denied**.

SO ORDERED, this the   13th     day of August, 2010.


                         s/David Bramlette
                         UNITED STATES DISTRICT JUDGE