### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### WESTERN DIVISION

**JOSEPH W. ROBERTSON, # 44191-019**                               **PETITIONER**

**VS.**                                         **CIVIL ACTION NO. 5:10cv126-DCB-JMR**

**VANCE LAUGHLIN**                                                **RESPONDENT**

---

## REPORT AND RECOMMENDATION:

This matter comes before the Court pursuant to Petitioner Joseph Robinson's Petition [1] for Writ of Habeas Corpus and accompanying Memorandum [3] in Support. The Respondent filed a Response [8] on September 1, 2010, to which the Petitioner filed a Reply [11]. The case was reassigned to this Court on February 2, 2011. After considering the Petition and Memorandum in Support, the Response, and all pleadings of the record in conjunction with the applicable law, the Court finds that the Petition should be denied.

### FACTS

Petitioner Robertson was convicted on multiple charges of wire and mail fraud on January 267, 2006, in the Northern District of Georgia and sentenced to ninety-six months in jail and three years of supervised release. Robertson was originally designated to the Federal Correctional Institution in Edgefield, South Carolina, but was transferred to the Federal Correctional Complex in Yazoo City, Mississippi ("FCC Yazoo City") in June of 2009.

Shortly after arriving at FCC Yazoo City, Robertson submitted a letter to prison officials claiming he had previously been in the process of obtaining a position, or had obtained a position,

on the waiting list for the Residential Drug Abuse Treatment Program ("RDAP") at the previous facility and requested an update on his status. The FCC Yazoo City officials then reviewed Robertson's file for RDAP eligibility and concluded that he was not eligible for the program. The officials rejected his application because, among other issues, his file did not reflect documented substance abuse within a twelve month period prior to his arrest.

In light of the finding, Robertson produced further evidence of his past drug use and submitted to evaluations by a facility dentist and doctor to inspect for physical proof of substance abuse. His request for participation in the RDAP was again denied. In October of 2009, Robertson filed an initial administrative appeal. After a series of decisions affirming the decision of the prison officials, Robinson filed the instant petition under 28 U.S.C. § 2241 seeking relief for the arbitrary, capricious, and abuse of discretion on behalf of the Bureau of Prison ("BOP") in denying his participation in the RDAP program.

## ANALYSIS

### I.

Construing the Petition to assert a constitutional violation, and therefore eligible for federal habeas relief, the Petitioner asserts that the Respondent violated his right to due process by denying his placement on the RDAP wait-list and ultimately, in the RDAP program. A valid due-process claim requires proof of a liberty interest. *Richardson v. Joslin*, 501 F.3d 415, 418–19 (5th Cir.2007) (citing *Meachum v. Fano*, 427 U.S. 215, 223–24 (1976)). "[A] liberty interest is created in one of two ways: Either the Due Process Clause confers a liberty interest or such an interest is created by the state through a statute." *Id.* (internal citations omitted).

First, "[t]he Due Process Clause confers a liberty interest in punishment that is not qualitatively different from the punishment characteristically suffered by a person convicted of

crime." *Richardson*, 501 F.3d at 419. If punishment is "within the normal limits or range of custody which the conviction has authorized the State to impose, there is no violation of a protected liberty interest conferred by the Due Process Clause." *Id.* (citations and quotations omitted). Inmates do not hold a protected liberty interest in either RDAP participation or in the discretionary early release benefit. *Id.*, 501 F.3d at 419; *Reeb v. Thomas*, 636 F.3d 1224, 1229 n. 4 (9th Cir.2011).

Second, a liberty interest can exist where the government creates one by a mandatory statute. *Id*. A statute providing for discretion does not create a liberty interest:. "The hallmark of a statute that has not created a liberty interest is discretion." *Id.* Section 3621 provides such discretion, stating that the BOP "may" reduce sentences for eligible inmates who successfully complete treatment in the RDAP. See *Lopez v. Davis*, 531 U.S. 230, 241 (2001) (holding that upon completion of RDAP, BOP "has the authority, but not the duty, both to alter the prisoner's conditions of confinement and to reduce his term of imprisonment"); *Wottlin*, 136 F.3d at 1035. Thus, the grant of discretion to the BOP in § 3621(e) indicates that no liberty interest is created. *Wottlin*, 136 F.3d at 1035.

As neither the Due Process Clause nor any statute creates a liberty interest in remaining on the RDAP wait list or in enrollment in the RDAP, there can be no Fifth Amendment due process violation and the Petition should be denied.

## II.

Though the Petitioner must allege and prove a constitutional violation for habeas corpus relief, the Court will briefly address his claim that the BOP's actions were arbitrary, capricious and an abuse of discretion.

The Administrative Procedure Act ("APA") is a waiver of sovereign immunity that provides for judicial review of federal agency action. 5 U.S.C. §§ 701-702. The APA does not provide for

judicial review when (1) a statute precludes judicial review or (2) agency action is committed to agency discretion by law. *Id.*

The Executive Branch is vested with the authority to administer the federal prison system; this authority is delegated to the Bureau of Prisons ("BOP"). 18 U.S.C. § 4001; 28 C.F.R. § 0.96. Congress has provided the BOP with the authority to provide residential substance abuse treatment to eligible inmates, the requirements of which are at the discretion of the BOP. *See* 18 U.S.C. § 3621(b)-(e); *Wottlin v. Fleming*, 136 F.3d 1032, 1035 (5th Cir.1998)(determining that Congress intended to leave sentence reduction eligibility under section 3621(e)(2)(B) to the BOP's discretion). Section 3625 provides that "provisions of sections . . . 701 through 706 of title 5," the APA, "do not apply to the making of any determination, decision, or order under this subchapter." 18 U.S.C. § 3625. That subchapter, entitled "Imprisonment," includes § 3621. Therefore, APA does not provide judicial review of the placement of inmates in substance abuse treatment. Inasmuch as the Petitioner requests this Court to review the denial of his placement within the RDAP, the Petition is denied.

## CONCLUSION

According to the foregoing analysis, it is the recommendation of this Court that the Petition for Writ of Habeas Corpus be denied.

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained

in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United States Auto Ass'n*, 79 F.3d 1425 (5th Cir. 1996).

This the  1st  day of February, 2012.

                                                  s/ John M. Roper, Sr.
                                  CHIEF UNITED STATES MAGISTRATE JUDGE