IN THE UNITED STATES DISTRICT COURT
                   FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                              WESTERN DIVISION


JOSEPH W. ROBERTSON, # 44191-019                                PETITIONER

VS.                              CIVIL ACTION NO. 5:10-cv-126(DCB)(JMR)

BRUCE PEARSON                                                   RESPONDENT


                    ORDER ADOPTING REPORT AND RECOMMENDATION

    This cause is before the Court on the petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2241, on the Report and Recommendation of Chief Magistrate Judge John M. Roper **(docket entry 13)**, and on the petitioner's objections thereto (docket entries 14 and 15).  Having carefully considered same, and being fully advised in the premises, the Court finds as follows:

    Petitioner Joseph W. Robertson ("Robertson") was convicted on multiple charges of wire and mail fraud on January 26, 2006, in the Northern District of Georgia and sentenced to ninety-six months in jail and three years of supervised release.  Robertson was originally designated to the Federal Correctional Institution in Edgefield, South Carolina, but was transferred to the Federal Correctional Complex in Yazoo City, Mississippi ("FCC Yazoo City") in June of 2009.

    Shortly after arriving at FCC Yazoo City, Robertson submitted a letter to prison officials claiming he had previously been in the process of obtaining a position, or had obtained a position, on the waiting list for the Residential Drug Abuse Treatment Program

("RDAP") at the previous facility, and requested an update on his status. The FCC Yazoo City officials then reviewed Robertson's file for RDAP eligibility and concluded that he was not eligible for the program. The officials rejected his application because, among other issues, his file did not reflect documented substance abuse within a twelve month period prior to his arrest.

In light of the finding, Robertson produced further evidence of his past drug use and submitted to evaluations by a facility dentist and doctor to inspect for physical proof of substance abuse. His request for participation in the RDAP was again denied. In October of 2009, Robertson filed an initial administrative appeal. After a series of decisions affirming the decision of the prison officials, Robinson filed the instant petition under 28 U.S.C. § 2241 seeking relief for arbitrary and capricious abuse of discretion on behalf of the Bureau of Prisons ("BOP") in denying his participation in the RDAP program.

The Petitioner asserts that the Respondent violated his right to due process by denying his placement on the RDAP wait-list and ultimately, in the RDAP program. A valid due-process claim requires proof of a liberty interest. Richardson v. Joslin, 501 F.3d 415, 418-19 (5th Cir. 2007)(citing Meachum v. Fano, 427 U.S. 215, 223-24 (1976)). "In the prison context, a liberty interest is created in one of two ways: Either the Due Process Clause confers a liberty interest, ... or such an interest is created by the state

through a statute." Richardson, 501 F.3d at 418-19 (internal citations omitted).

First, the Due Process Clause itself confers a liberty interest, irrespective of state regulation, if the treatment of the prisoner is "qualitatively different from the punishment characteristically suffered by a person convicted of crime." Vitek v. Jones, 445 U.S. 480, 493 (1980). If, on the other hand, the treatment is "within the normal limits or range of custody which the conviction has authorized the State to impose, there is no violation of a protected liberty interest conferred by the Due Process Clause." Richardson, 501 F.3d at 419 (citations and internal quotations omitted). Inmates do not hold a protected liberty interest in either RDAP participation or in the discretionary early release benefit. Id.; Reeb v. Thomas, 636 F.3d 1224, 1229 n. 4 (9th Cir.2011).

Second, a liberty interest can exist where the government creates one by statute. Sandin v. Conner, 515 U.S. 483-84. However, "[w]here the statute grants the prison administration discretion, the government has conferred no right on the inmate." Meachum, 427 U.S. at 215, 226-28 (1976). In this case, § 3621 provides such discretion, stating that the BOP "may" reduce sentences for eligible inmates who successfully complete treatment in the RDAP. See Lopez v. Davis, 531 U.S. 230, 241 (2001)(holding that upon completion of RDAP, BOP "has the authority, but not the

3

duty, both to alter the prisoner's conditions of confinement and to reduce his term of imprisonment"). Thus, the grant of discretion to the BOP in § 3621(e) indicates that no liberty interest is created. Wottlin v. Fleming, 136 F.3d 1032, 1035 (5th Cir. 1998).

As neither the Due Process Clause nor any statute creates a liberty interest in remaining on the RDAP wait list, or in enrollment in the RDAP, there is no Fifth Amendment due process violation in this case and Robertson's petition in this respect is denied.

Robertson also claims that the BOP's actions were arbitrary, capricious and an abuse of discretion. The Administrative Procedure Act ("APA") is a waiver of sovereign immunity that provides for judicial review of federal agency action. 5 U.S.C. §§ 701-702.  However, the APA does not provide for judicial review when (1) a statute precludes judicial review or (2) agency action is committed to agency discretion by law. Id.

The Executive Branch is vested with the authority to administer the federal prison system; this authority is delegated to the BOP. 18 U.S.C. § 4001; 28 C.F.R. § 0.96. Congress has provided the BOP with the authority to provide residential substance abuse treatment to eligible inmates, the requirements of which are at the discretion of the BOP. 18 U.S.C. § 3621(b)-(e); Wottlin, 136 F.3d at 1035 (determining that Congress intended to leave sentence reduction eligibility under section 3621(e)(2)(B) to

4

the BOP's discretion). Section 3625 provides that "provisions of sections ... 701 through 706 of title 5 [the APA] do not apply to the making of any determination, decision, or order under this subchapter." 18 U.S.C. § 3625. That subchapter, entitled "Imprisonment," includes § 3621. Therefore, the APA does not provide judicial review of the placement of inmates in substance abuse treatment. Inasmuch as Robertson requests this Court to review the denial of his placement within the RDAP, his petition is denied.

Robertson's objections to the Report and Recommendation do not present any grounds for departing from the legal authorities therein cited and applied to the facts of this case.

Accordingly,

IT IS HEREBY ORDERED that the Report and Recommendation of Chief Magistrate Judge John M. Roper **(docket entry 13)** is hereby adopted as the findings and conclusions of this Court, and the petitioner's objections thereto are denied;

FURTHER ORDERED that the petition is dismissed. A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure, dismissing this action with prejudice.

SO ORDERED, this the 12th day of July, 2012.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE

5